IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| JEREMY RASKIEWICZ,<br><br>Petitioner,<br><br>vs.<br><br>W. SMITH; ATTORNEY GENERAL OF THE STATE OF MONTANA,<br><br>Respondents. | Cause No. CV 14-125-M-DLC-JCL<br><br>FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE |

On April 30, 2014, Petitioner Jeremy Raskiewicz moved to proceed in forma pauperis with this action under 28 U.S.C. § 2241. Raskiewicz is a state prisoner proceeding pro se.

Because Raskiewicz's allegations were unintelligible, the Court ordered Respondents ("the State") to submit a status report and exhibits showing why Raskiewicz is being held in custody. The State responded on May 21, 2014.

## I. Background

In 2005, Raskiewicz was sentenced to serve 20 years in prison, with 12 years suspended. Judgment (Doc. 7-4). On October 1, 2013, a report of violation was filed, alleging that Raskiewicz had absconded from supervision. Report (Doc. 7-5). On October 23, 2013, the State petitioned for revocation of his suspended sentence. Petition (Doc. 7-6). A bench warrant was issued for Raskiewicz's arrest. Warrant

1

(Doc. 7-7).

After Raskiewicz's arrest, bail was set at $40,000. Raskiewicz did not post bond and was detained in custody pending appearance at a revocation hearing. Order (Doc. 7-9). Counsel was appointed to represent him. Order (Doc. 7-9 at 3); Notice of Appearance (Doc. 7-11).

A preliminary hearing was held on January 13, 2014. Another hearing was set for February 20, 2014. Minutes (Doc. 7-12). That hearing was continued because Raskiewicz requested new counsel. Minutes (Doc. 7-13); Letter (Doc. 7-14); Mots. (Docs. 7-15, 7-16); Order (Doc. 7-16).

The revocation petition remains pending. On April 2, 2014, counsel moved the Court to commit Raskiewicz to the custody of the Director of the Department of Public Health and Human Services for evaluation of his fitness to proceed. Mot. (Doc. 7-18). The motion was granted on April 9, 2014, with a report on Raskiewicz's fitness to be submitted within 90 days of the date of the Order. Order (Doc. 7-19).

## II. Analysis

Given this record, it is clear that Raskiewicz's current custody is based on a judicial finding of probable cause to believe he violated the conditions of his suspended sentence and on a judicial finding that it is necessary to evaluate his fitness to proceed. The state district court is acting within its jurisdiction. Bail is

2

not unreasonably excessive. While Raskiewicz has a federal due process right to a reasonably prompt disposition of the revocation petition, *Gagnon v. Scarpelli*, 411 U.S. 778, 782 (1973); *Morrissey v. Brewer*, 408 U.S. 471, 487-88 (1972), the delays that have occurred were plainly necessary in light of Raskiewicz's request for new counsel and the need to evaluate his fitness to proceed. The delays have not been inordinately lengthy.

If a mistake has been made in the state proceedings (and the Court is not suggesting it has), Raskiewicz's remedy lies in appeal, and possibly postconviction proceedings, before he may file a federal habeas petition. *See Rose v. Lundy*, 455 U.S. 509, 520 (1982) (providing "a simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court.").

To the extent Raskiewicz alleges his 2005 conviction was "erased from NCIC," Pet. (Doc. 1) at 4 ¶ 13A, the allegation is irrelevant to his current custody. The NCIC system is supposed to reflect reality. The record of the state court proceedings is reality. Neither the charge nor the conviction nor the judgment have been dismissed, expunged, vacated, or otherwise erased. *See* Case Register Report (Doc. 7-1) at 3-5.

Raskiewicz's "brief in support" (Doc. 2) is frivolous.

There is no basis in federal law for habeas relief at this time. The petition

should be dismissed.

## III. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2254 Proceedings. A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

A certificate of appealability is not warranted. Raskiewicz has not made any showing that he is being deprived of a constitutional right. 28 U.S.C. § 2253(c)(2).

Based on the foregoing, the Court enters the following:

## RECOMMENDATION

1. Raskiewicz's petition (Doc. 1) should be DISMISSED.

2. The Clerk of Court should be directed to enter by separate document a judgment in favor of Respondents and against Petitioner.

3. A certificate of appealability should be DENIED.

## NOTICE OF RIGHT TO OBJECT
## TO FINDINGS & RECOMMENDATION
## AND CONSEQUENCES OF FAILURE TO OBJECT

Raskiewicz may object to this Findings and Recommendation within 14 days.[1] 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

Raskiewicz must immediately notify the Court of any change in his mailing address by filing a "Notice of Change of Address." Failure to do so may result in dismissal of his case without notice to him.

DATED this 23rd day of May, 2014.

/s/ Jeremiah C. Lynch
Jeremiah C. Lynch
United States Magistrate Judge

---

[1] As this deadline allows a party to act within 14 days after the Findings and Recommendation is "served," Fed. R. Civ. P. 6(d) applies, and three days are added after the time would otherwise expire.